UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS DELGADO, an individual,

    Plaintiff,

vs.                                  CASE NO.:

PM-INTERNATIONAL USA, LLC, a
Florida limited liability company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Carlos Delgado ("Plaintiff"), by and through undersigned counsel, sues Defendant, PM-International USA, LLC ("Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA") to recover unpaid overtime compensation, liquidated damages, damages arising from retaliatory discharge, and attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Sarasota County, Florida

**PARTIES**

4. Plaintiff was and is a resident and citizen of Sarasota County, Florida. At all times pertinent, Plaintiff worked for Defendant in Sarasota County, Florida.

5. Defendant was and is a Florida limited liability company doing business in Sarasota County, Florida.

6. Upon information and belief, Defendant is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

7. At all times material, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(1); Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

**GENERAL ALLEGATIONS**

8. Defendant employed Plaintiff as an administrative assistant in Sarasota County, Florida from approximately October 28, 2019 through November 11, 2019.

9. Plaintiff's primary job duties included handling general office tasks in an administrative assistant capacity for Defendant. Plaintiff also assisted Defendant by helping out in the warehouse and working additional hours on the weekends.

10. Defendant compensated Plaintiff on an hourly basis of $16.50 per hour.

11. Defendant had an unlawful policy and practice of counting Plaintiff's hours worked for Defendant in the warehouse separately from his hours worked for Defendant as

an administrative assistant for overtime purposes, and refusing to provide Plaintiff overtime compensation at the proper lawful rate for overtime hours worked.

12. Plaintiff worked over forty (40) hours in one or more workweeks while employed by Defendant.

13. During his employment with Defendant, Plaintiff was not properly compensated at one and one-half (1 and 1/2) his regular rate for overtime hours worked.

14. Despite working more than forty (40) hours in a workweek, Plaintiff did not receive overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for such overtime hours.

15. Plaintiff objected and complained to his supervisor that Defendant was failing and/or refusing to provide Plaintiff proper overtime compensation as required by law.

16. As a result of and in retaliation for Plaintiff's complaint regarding Defendant's failure to properly compensate him for his overtime hours worked, Defendant terminated Plaintiff's employment.

17. Defendant then refused to provide Plaintiff his final paycheck.

18. Plaintiff was forced to retain counsel to pursue these claims, and is obligated to pay counsel a reasonable attorneys' fee and costs.

19. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiff are in the possession, custody, and control of Defendant.

## COUNT I
### (Retaliatory Discharge under the FLSA)

20. Plaintiff hereby incorporates by reference the allegations contained within paragraphs 1 through 19.

21. During Plaintiff's employment with Defendant, Plaintiff complained to his supervisor, that Defendant failed to provide Plaintiff proper overtime compensation as required by law.

22. In retaliation for Plaintiff's complaint, Defendant terminated Plaintiff's employment in violation of the anti-retaliation provisions of the FLSA and withheld compensation from Plaintiff (violating the minimum wage provisions of the FLSA).

23. There is a causal link between Defendant's termination of Plaintiff's employment, and the assertion by Plaintiff of his rights and the unfulfilled duties of Defendant under the FLSA.

24. As a result of Defendant's wrongful termination of plaintiff in violation of the FLSA, Plaintiff lost wages and suffered emotional distress.

25. Defendant's violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff demands judgment for lost wages; withheld wages, or in the alternative minimum wages; reinstatement, or in the alternative front pay; compensatory damages; liquidated damages; attorneys' fees and costs; and such further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

s/ Bradley P. Rothman
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*
